Filed 2/9/16  Marriage of MacKinnon and Gilbert CA4/1

# NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## COURT OF APPEAL, FOURTH APPELLATE DISTRICT

## DIVISION ONE

## STATE OF CALIFORNIA

| | |
|---|---|
| In re the Marriage of LAURA CARMEN MACKINNON and ANDREW ERNESTO GILBERT. | D066200 |
| LAURA CARMEN MACKINNON, Respondent, v. ANDREW ERNESTO GILBERT, Appellant. | (Super. Ct. No. DS46531) |

APPEAL from a judgment and order of the Superior Court of San Diego County, Roderick W. Shelton, Robert C. Longstreth, Albert T. Harutunian III, Judges.  Affirmed.

Andrew Ernesto Gilbert, in pro. per., for Appellant.

Pyle Sims Duncan & Stevenson and Michael Y. MacKinnon for Respondent.

Appellant Andrew Ernesto Gilbert, a self-represented litigant, appeals from a judgment of dissolution and on reserved issues following trial.  In its judgment, the

family court resolved issues of child custody and visitation, child and spousal support, property division, attorney fees and costs, and Family Code[1] section 271 sanctions. It also found that no evidence showed respondent Laura Carmen MacKinnon had willfully disobeyed a "right of first refusal" order permitting the noncustodial parent under specified circumstances an option to care for the children when the custodial parent needed childcare. On appeal, Gilbert challenges a posttrial order in which the family court found Gilbert's order to show cause (OSC) for contempt based on the right of refusal order was barred because the issue had been addressed in the underlying trial, and alternatively dismissed it on grounds Gilbert's papers failed to set forth a prima facie case of contempt. Gilbert challenges other aspects of the family court proceedings and orders before and during trial. Because Gilbert has not demonstrated error, much less prejudicial error, we affirm the judgment and order.

## FACTUAL AND PROCEDURAL BACKGROUND

We state the background facts and procedure from documents in the appellate record.[2] Gilbert and MacKinnon obtained a judgment of dissolution as to marital status

---

[1] Statutory references are to the Family Code unless otherwise stated.

[2] We are compelled to point out that Gilbert's "statement of the case" and "statement of facts" sections in his opening appellate brief are one-sided presentations of the "facts" and procedure, which is threaded throughout with a mixture of general contentions and rambling argument. Gilbert asserts he lacked sufficient time to prepare for trial or review MacKinnon's exhibits and witness list, and that he was not permitted to present witnesses. He intersperses his claims with assertions and arguments about improper service of process; the family court's failure to hold pretrial his contempt proceeding or hear his fee waiver request, which somehow affected Gilbert's appeal relating to discovery; and the unfairness of his trial. Gilbert reargues the merits of his case rather than tailoring the

2

only in December 2012. In May 2013, the family court, Judge Roderick Shelton, granted MacKinnon's request to retain a forensic accountant. That month, Gilbert filed a motion to compel production of documents by MacKinnon, and asked the court to order that she pay his attorney fees and costs. Gilbert was granted a fee waiver in connection with his request.

In July 2013, Judge Shelton tentatively denied Gilbert's motion to compel production and set the matter for further hearing in October 2013. A few days later, the court set a December 16, 2013 trial date. Eventually, the court appointed certified public accountant Karen Kaseno by the parties' stipulation.

On October 18, 2013, MacKinnon successfully moved ex parte for an order that Gilbert comply with accountant Kaseno's requests for certain financial information to permit Kaseno to complete a support analysis. That same day, Judge Shelton denied Gilbert's motion to compel production of documents.

On November 15, 2013, MacKinnon filed a Judicial Council findings and order after hearing (FOAH) form. This form reflected that the court had *tentatively* denied Gilbert's motion to compel discovery as well as its rulings on Gilbert's other requests to modify child support and for attorney fees and costs. Several days later, Gilbert filed an order to show cause re contempt, alleging MacKinnon had violated an August 2012

_____

factual statement to the issues on appeal. We acknowledge that Gilbert has chosen to represent himself on appeal. Nevertheless, he is bound to follow the rules and principles that govern the presentation of facts and arguments in appellate briefs. (*Nwosu v. Uba* (2004) 122 Cal.App.4th 1229, 1246-1247.)

3

family court services report on 53 occasions because MacKinnon did not relinquish visitation to him (give him the "right of first refusal") when she required childcare for more than four hours.

On December 3, 2013, Gilbert moved to vacate the upcoming December 16 and 17 trial dates and also asked the court to order MacKinnon's counsel to file a FOAH for the October 18, 2013 hearing on Gilbert's motion to compel discovery. In part, Gilbert argued he had "good cause to file an appeal in regards to the decisions that the court ordered on October 18, 2013 due to erroneous legal errors that jeopardized my open discovery." He asserted, "In order to proceed and not have my window of appeal jeopardized the FOAH for October 18, 2013 should have been filed by opposing counsel within 10 days of the ruling."

On December 4, 2013, the family court, Judge Robert Longstreth, ordered Gilbert's prior fee waivers to be retroactively withdrawn and that Gilbert pay the court $825 in initially-waived fees. The court ruled that "[i]nformation in the record in this action shows that [Gilbert] has at all times during this action had the ability to pay for ordinary expenses [and] Court fees, as well as an excess of $20,000 in [attorney] fees." That day, Gilbert filed a notice of appeal of the family court's October 18, 2013 order.

On December 10 and 11, 2013, MacKinnon filed her witness and exhibit lists. On December 12, 2013, the court granted Gilbert's request for a hearing on his fee waiver, ruling that the hearing would follow the trial.

The matter proceeded to trial on Monday, December 16, 2013. Before trial,

4

Gilbert objected that he had not been timely served with MacKinnon's trial brief, and asked that the trial be "canceled" and that service be made on him. On the court's questioning, Gilbert stated he had received the trial brief the previous Monday. The court found a week was sufficient time to read it and denied his request. Gilbert then raised his request for a fee waiver hearing, and the court explained that it had granted the hearing, which would be held at the conclusion of the trial. When Gilbert stated he was unable to pay to subpoena witnesses, the court explained to him he was incorrect: that the hearing "stays the effect of the [previous] denial of the fee waiver until we have the hearing, so you can't possibly be prejudiced . . . ." Finally, Gilbert stated that discovery was not complete, and mentioned that he had a pending appeal. The court explained: "If you had wanted a stay, you should move for a stay. You essentially did move for a stay by asking for a continuation of the trial. I denied that. You are now essentially rearguing the same thing. I'm denying it again. [¶] And it's up to the higher court at this point to stay if that's what they want to do. I don't have jurisdiction over them. But if they think the trial shouldn't go forward, there are things that they can do, which apparently they haven't done."

The matter proceeded to trial before Judge Longstreth on December 16, 17 and 18, 2013, and January 16 and 17, 2014. On January 17, 2014, the court held the contested hearing on Gilbert's fee waiver, and ordered Gilbert to pay $825 in fees to the court. Later that month, MacKinnon filed a new FOAH reflecting that on October 18, 2013, the court had denied Gilbert's discovery motion to compel production of documents.

5

In February 2014, Judge Albert Harutunian III heard Gilbert's OSC re contempt. After hearing argument on the matter, the court found that Gilbert's claim that MacKinnon had repeatedly violated the right of first refusal order had been litigated in the prior trial. It also ruled in the alternative that Gilbert's papers lacked the specificity necessary to justify arraignment for a contempt claim, and did not set forth a prima facie case. The court therefore dismissed the OSC re contempt. The court's FOAH was filed on April 22, 2014.

On May 8, 2014, the family court filed its judgment on the reserved issues of the modification of child custody, child support, visitation, spousal support, attorney fees and costs, and the parties' requests for section 271 sanctions. In part, the court found "there has been no showing of willful disobedience by mother of the right of first refusal . . . ." It granted MacKinnon's request for section 271 sanctions in the amount of $5,000.

Gilbert appeals from the May 8, 2014 judgment.

DISCUSSION

I. *Principles of Appellate Review*

Before we turn to Gilbert's contentions, we emphasize that he as the appellant "must be able to affirmatively demonstrate error on the record before the court." (*In re Marriage of Falcone & Fyke* (2008) 164 Cal.App.4th 814, 822.) We apply the settled rule that the family court's orders are presumed correct, with " ' "[a]ll intendments and presumptions . . . indulged to support [them] on matters as to which the record is silent . . . . This is not only a general principle of appellate practice but an ingredient of

the constitutional doctrine of reversible error." ' " (*In re Marriage of Bower* (2002) 96 Cal.App.4th 893, 898, quoting *Denham v. Superior Court* (1970) 2 Cal.3d 557, 564; see *In re Marriage of Arceneaux* (1990) 51 Cal.3d 1130, 1133.) If the order is correct on any theory, this court will affirm it regardless of the family court's reasoning. (See *Estate of Beard* (1999) 71 Cal.App.4th 753, 776-777; *D'Amico v. Board of Medical Examiners* (1974) 11 Cal.3d 1, 18-19.) If Gilbert fails to support issues with pertinent or cognizable legal argument we may deem them abandoned without discussion. (*Dietz v. Meisenheimer & Herron* (2009) 177 Cal.App.4th 771, 799; *Associated Builders & Contractors, Inc. v. San Francisco Airports Com.* (1999) 21 Cal.4th 352. 366, fn. 2.) " 'It is not our place to construct theories or arguments to undermine the judgment and defeat the presumption of correctness. When an appellant fails to raise a point, or asserts it but fails to support it with reasoned argument and citations to authority, we treat the point as waived.' " (*Dietz*, at p. 799.)

Further, it is Gilbert's obligation to tailor his arguments to the applicable standard of appellate review. (*People v. Foss* (2007) 155 Cal.App.4th 113, 126 ["When an appellant fails to apply the appropriate standard of review, the argument lacks legal force"]; *Sebago, Inc. v. City of Alameda* (1989) 211 Cal.App.3d 1372, 1388.)

Finally, "error alone does not warrant reversal. 'It is a fundamental principle of appellate jurisprudence in this state that a judgment will not be reversed unless it can be shown that a trial court error in the case affected the result.' [Citation.] ' "The burden is on the appellant, not alone to show error, but to show injury from the error." ' [Citation.]

7

'Injury is not presumed from error, but injury must appear affirmatively upon the court's examination of the entire record.' [Citation.] 'Only when an error has resulted in a miscarriage of justice will it be deemed to be prejudicial so as to require reversal.' [Citation.]  A miscarriage of justice is not found 'unless it appears reasonably probable that, absent the error, the appellant would have obtained a more favorable result.' " (*In re Marriage of Falcone & Fyke*, *supra*, 164 Cal.App.4th at pp. 822-823.)

These rules apply to self-represented litigants like Gilbert, who are entitled to the same, but no greater, consideration than other litigants and are held to the same rules of procedure.  (*Rappleyea v. Campbell* (1994) 8 Cal.4th 975, 984-985; *Wantuch v. Davis* (1995) 32 Cal.App.4th 786, 795.)  Gilbert's decision to act as his own attorney does not warrant exceptional treatment.  (*Rappleyea*, at p. 985.)

## II. *Gilbert Has Not Shown Error or Prejudice*

Applying these appellate review principles compels us to reject Gilbert's arguments.  Though Gilbert includes a heading for the relevant review standard in his arguments, in virtually all of them he recites the purportedly erroneous actions taken by the family court, rather than the principles that are to guide this court in reviewing his claims.  This deficiency can constitute, in and of itself, a concession of lack of merit. (*James B. v. Superior Court* (1995) 35 Cal.App.4th 1014, 1021.)  At a minimum, the flaw results in his arguments constituting a mere rehashing of arguments about the strength of the evidence, which is not open on appeal.  (*Paterno v. State of California* (1999) 74 Cal.App.4th 68, 102.)  It is not appropriate to place on this court the burden of discovering without his assistance any weakness in the respondent's arguments.  (*Ibid*.)

8

Though we briefly address Gilbert's arguments seriatim, in short, Gilbert has shown neither error nor prejudice.

A. *Judge Harutunian's Order Dismissing the OSC re Contempt*

Gilbert challenges the family court's order dismissing his OSC re contempt. Ignoring the court's alternative order that the matter had been litigated and resolved at trial, Gilbert argues the court erred in finding that he did not prove his prima facie case with substantial evidence. Though Gilbert states that this court reviews the record to determine whether there are facts to support it, he does not provide any authority for that proposition. Furthermore, Gilbert's arguments, as we stated above, merely rehash the evidence he maintains supports his request for a finding of contempt. Gilbert recounts the trial proceedings before Judge Longstreth in an attempt to show that MacKinnon's counsel was "manipulative" and "ignore[d] Court orders . . . ." Gilbert argues the family court "did not have all available information regarding first right of refusal, nor was [he] allowed a fair and objective trial with all the points described above . . . ." He asks this court to "review the judgment and allow for all information that was submitted by [MacKinnon] to not be allowed as exhibits allowed due to non-legal compliant Proof of Service . . . ." Finally, Gilbert asks for an "arraignment of [MacKinnon] . . . once all information is gathered . . . ."

None of these arguments acknowledge the standard of review, or apply that standard or any other applicable legal principles to the contempt issue. Assuming we review the issue for substantial evidence, in view of Gilbert's failure to provide a fair and complete summary of the evidence in favor of the family court's judgment, he has

9

forfeited any contentions regarding the sufficiency of the evidence. (*Foreman & Clark Corp. v. Fallon* (1971) 3 Cal.3d 875, 881; *Nwosu v. Uba*, *supra*, 122 Cal.App.4th at pp. 1246-1247.) Elsewhere in his brief, Gilbert sets out some of the legal standards applicable to a contempt proceeding but he does not apply those principles to the specific facts or the family court's determination of the issue, as he is required to do. (See *Guthrey v. State of California* (1998) 63 Cal.App.4th 1108, 1115 [appellate brief failed to present any issue where it cited only general legal principles without relating them to any specific facts or admissible evidence].) Because Gilbert makes no pertinent or cogent legal argument to demonstrate error, we do not consider his claims. (*Dietz v. Meisenheimer & Herron*, *supra*, 177 Cal.App.4th at p. 799; *Sims v. Department of Corrections & Rehabilitation* (2013) 216 Cal.App.4th 1059, 1081; *Strutt v. Ontario Sav. & Loan Assn.* (1972) 28 Cal.App.3d 866, 873.)

B. *Insufficient Trial Preparation*

Gilbert contends the family court "allowed [him] a little more than a day reviewing only the brief and no exhibits, witness lists etc., reflecting moving the trial forward is with prejudice against [him]." Gilbert argues, "It clearly shows for a long trial that [he] was entitled 5 court days to be provided all information . . . ."[3] Though it is

---

3 Gilbert relies on California Rules of Court, rule 5.394, which sets out the contents of briefs in cases in which the judge orders each party to complete a trial or hearing brief or other pleading (Cal. Rules of Court, rule 5.394(a)), and further states that "[t]he parties must serve the trial or hearing brief on all parties and file the brief with the court a minimum of 5 court days before the trial or long-cause hearing." (Cal. Rules of Court, rule 5.394(b).) Gilbert does not provide a record citation to any order indicating that the family court required the parties to file trial briefs.

10

apparent that Gilbert maintains he was prejudiced by untimely service of MacKinnon's trial brief and other exhibits and not having enough time to review documents or do research, in the body of this section, Gilbert raises his inability to proceed with his appeal, which is somehow related to delay in filing the related FOAH. He confusingly maintains he was "handicapped to not be able to continue appeal; right to discovery; and subpoena witnesses for trial" and he was "not allow[ed] . . . a fair trial without prejudice."

Gilbert does not set forth a coherent standard of review for these propositions. Gilbert's arguments are advanced without any meaningful legal argument or supporting case authority, and on that ground alone, we could disregard the contention. (*Associated Builders & Contractors, Inc. v. San Francisco Airports Com.*, *supra*, 21 Cal.4th at p. 366, fn. 2.) In any event, his assertions are contradicted by the record, which reflects that based on Gilbert's representation that he had received MacKinnon's trial brief a week earlier, the family court found Gilbert had sufficient time to review it. The record further reflects that MacKinnon's exhibit and witness lists were served on Gilbert on December 10 and 11, 2013, before the December 16 trial. Gilbert's briefing has not shown any due process violation or any other error, much less prejudicial error, in connection with his trial preparation. We will not presume prejudice. It is an appellant's burden to persuade us that the court erred in ways that result in a miscarriage of justice. (*In re Marriage of Dellaria* (2009) 172 Cal.App.4th 196, 204-205; Cal. Const., art. VI, § 13.) Gilbert has made no such showing.

C. *Gilbert's Fee Waiver Hearing*

Gilbert challenges the family court's ruling on his fee waiver, contending he "brought the attention to the court regarding the fee waiver hearing" but the court put the issue of his fee waiver off until after trial. According to Gilbert, he "could not move forward with appeal, nor exercise his right to have witnesses at trial, file a motion to postpone trial in order to ascertain appellate court decision on open discovery, and have [his] contempt proceeding heard." As the applicable "standard of review," Gilbert states: "The court instead stated it would not be prejudice to have the hearing trail the trial."

Gilbert's arguments are utterly without legal authority or reasoned argument. We deem them forfeited.

D. *Admission of MacKinnon's Documents into Evidence*

Gilbert contends the family court "showed prejudice by allowing [MacKinnon] to move evidence forward" and by not allowing him to "move evidence forward." He maintains MacKinnon's counsel did not follow local rules or procedures by failing to give him five court days to look at the documents, "tag teamed" him, and did not timely give him her exhibits or witness list.

We interpret this claim as a challenge to the court's admission of MacKinnon's evidence, which we review for abuse of discretion. (*City of Ripon v. Sweetin* (2002) 100 Cal.App.4th 887, 900 [appellate court applies abuse of discretion standard of review to trial court rulings on the admissibility of evidence].) Doing so, we are unable to discern from all of these somewhat repetitive points and Gilbert's briefing a coherent legal argument that would justify reversing the family court's judgment. Gilbert does not

undertake any analysis relating to the abuse of discretion standard of review. He provides no coherent legal analysis or discussion of the local rules on which he relies. Nor does he engage in any analysis explaining how MacKinnon's purported misconduct (or that of her counsel) impacted the family court's ruling on the reserved issues. We shall not reverse the judgment absent a showing of error resulting in a miscarriage of justice. Gilbert makes no such showing here.

E. *Family Court's Finding on Gilbert's Income*

Gilbert contends the "trial court erred [in finding] that [he] had available income for support." He argues the court's imputation of income to him was "in error due to no more clients and business closed . . . ." Because these arguments challenge the family court's finding without setting forth all of the material evidence on the point or explaining how it is insufficient to support those findings, the contention is forfeited. (*Foreman & Clark Corp. v. Fallon*, *supra*, 3 Cal.3d at p. 881; *Nwosu v. Uba*, *supra*, 122 Cal.App.4th at p. 1246.) Gilbert is not free to ignore facts that support the judgment. (*In re A.R.* (2014) 228 Cal.App.4th 1146, 1152.)

F. *Family Court's Orders Excluding Evidence and Regarding Attorney Fees and Section 271 Sanctions*

Gilbert makes a somewhat confusing set of arguments that begin with a contention that the family court "refused to accept" some unspecified documents. Gilbert then purports to recite his asserted income and debts. He points to the family court's order on attorney fees and, apparently based on that order, challenges its order that Gilbert pay

13

section 271 sanctions, asserting that "[MacKinnon] too should be sanctioned for her behavior."

The family court denied both parties an award of attorney fees because "[t]here is not a sufficient level of income or asset disparity such to allow the Court to make an award." However, it granted MacKinnon's request for section 271 sanctions in the amount of $5,000 in connection with forensic expert Kaseno's efforts to analyze Gilbert's income, finding Gilbert "repeatedly violated the court orders by refusing to participate in the income for support analysis and repeatedly manufactured allegations about [MacKinnon] throughout the case and advanced arguments and positions that were not reasonable and which were pursued beyond the point they should have been."

Gilbert has forfeited any challenge to the court's order awarding MacKinnon $5,000 in section 271 sanctions. Section 271 advances the policy of the law " 'to promote settlement and to encourage cooperation which will reduce the cost of litigation.' " (*In re Marriage of Petropoulos* (2001) 91 Cal.App.4th 161, 177.) Thus, "[f]amily law litigants who flout that policy by engaging in conduct that increases litigation costs are subject to the imposition of attorneys' fees and costs as a sanction." (*Ibid.*; see also *In re Marriage of Falcone & Fyke*, *supra*, 164 Cal.App.4th at p. 827.) The standard of review for an order imposing sanctions under section 271 is abuse of discretion. (*In re Marriage of Feldman* (2007) 153 Cal.App.4th 1470, 1478.) " ' " '[T]he trial court's order will be overturned only if, considering all the evidence viewed most favorably in support of its order, no judge could reasonably make the order.' " ' [Citation.] 'In reviewing such an award, we must indulge all reasonable inferences to uphold the court's order.' " (*Ibid.*)

14

Gilbert does not address these principles, much less acknowledge the family court's underlying reasoning concerning his compliance with Kaseno's requests. Gilbert merely argues that if the court declined to award either party attorney fees, but nevertheless ordered him to pay sanctions, MacKinnon should also have been ordered to pay sanctions. These arguments do not provide any basis to overturn the court's sanctions order. To the extent Gilbert maintains the sanctions order is unsupported by the evidence of his income, he has again failed to meet his burden to set forth "*all* the material evidence on the point and *not merely* [*his*] *own evidence*." (*Nwosu v. Uba*, *supra*, 122 Cal.App.4th at p. 1246.) Gilbert has purported to set forth his own evidence, but not any of MacKinnon's evidence on this point, and thereby has waived the contention.

G. *Court's Exclusion of Evidence from Animal Control*

Gilbert contends the court erred by excluding for lack of foundation a report from animal control that he sought to admit into evidence at trial. He suggests the court was "leading [MacKinnon's] attorney for why the evidence should not come in thus showing prejudice towards [his] cross examination." Gilbert does not address the relevant abuse of discretion review standard, however, or explain how the court's ruling violated it. He does not demonstrate that he asserted any timely or specific objection on grounds the court itself raised the basis for excluding the evidence. For these reasons, his contention is forfeited.

In any event, a trial court's numerous rulings against a party, even when erroneous, " 'do not establish a charge of judicial bias, especially when they are subject to review.' " (*People v. Fuiava* (2012) 53 Cal.4th 622, 732.) Gilbert challenges the court's rulings in a

15

conclusory manner, and he does not explain with citations to the law and cogent argument why they were incorrect. We are " 'not required to make an independent, unassisted study of the record in search of error or grounds to support the judgment.' " (*McComber v. Wells* (1999) 72 Cal.App.4th 512, 522.)

Finally, it is settled that an erroneous exclusion of evidence does not require reversal except where the error caused a miscarriage of justice. (Evid. Code, § 354, subd. (a) ["A verdict or finding shall not be set aside, nor shall the judgment or decision based thereon be reversed, by reason of the erroneous exclusion of evidence unless the court which passes upon the effect of the error . . . is of the opinion that the error . . . complained of resulted in a miscarriage of justice and it appears of record that:  [¶]  . . . The substance, purpose, and relevance of the excluded evidence was made known to the court by the questions asked, an offer of proof, or by any other means"]; *People v. Richardson* (2008) 43 Cal.4th 959, 1001.)  Gilbert makes no such showing.

H.  *MacKinnon's Offer to Give Gilbert Additional Time with Their Children*

Gilbert contends the court "erred in believing [MacKinnon's] testimony with no factual information presented to the Court that she did in fact make the offer she claimed."  Gilbert appears to refer to some sort of settlement discussion or offer concerning Gilbert's time with their children; he complains that the evidence showed MacKinnon did not offer him additional time or correspond with him about it and that MacKinnon's testimony on the subject was "not true."  This amounts to a request that we reweigh or reevaluate MacKinnon's credibility, which we will not do on appeal.  (See *In*

*re Marriage of Balcof* (2006) 141 Cal.App.4th 1509, 1531; *In re Marriage of Calcaterra & Badakhsh* (2005) 132 Cal.App.4th 28, 34.)

Gilbert's deficient briefing, combined with the lack of reasoned analysis pertinent to the questions on appeal, compel us to conclude he has not made any cognizable appellate contentions. As a result of these failings, and absent any persuasive legal authority on the question, Gilbert likewise has not demonstrated error or prejudice. In reaching our conclusions, we are mindful that Gilbert represents himself on appeal. However, as we have already explained, his status as a party appearing in propria persona does not provide a basis for preferential consideration.

DISPOSITION

The judgment and order are affirmed.


O'ROURKE, J.

WE CONCUR:


BENKE, Acting P. J.


HALLER, J.